UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AARON MICHAEL HASSAY,

Plaintiff,

v.

DEPARTMENT OF THE ARMY,

Defendant.

Case No. 17-cv-03556-JCS

**ORDER DISMISSING COMPLAINT UNDER 28 U.S.C. § 1915 WITH LEAVE TO AMEND**

## I.    INTRODUCTION

Plaintiff Aaron Hassay filed this pro se action against Defendant the Department of the Army (the "Army"), asserting negligence claims under the Federal Tort Claims Act ("FTCA"). Having previously granted Mr. Hassay's Application to Proceed in Forma Pauperis, the Court now considers whether Mr. Hassay's Complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B), which requires dismissal of an in forma pauperis complaint that is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. Plaintiff has consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons stated below, the Court dismisses Mr. Hassay's complaint with leave to amend and vacates the Case Management Conference currently scheduled for September 22, 2017 at 2:00 p.m.

## II.    THE COMPLAINT

Mr. Hassay filed a form complaint on June 20, 2017 in which he named the Army as the defendant. Compl. (dkt. 1) at 3. Mr. Hassay attached to his complaint a number of exhibits, including documents from Mr. Hassay's social security claim, response letters from his information request, and other documents concerning his disability status. The Court will refer to

these documents collectively as "Complaint Exhibits." A court may consider evidence on which the "complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (quoting *Branch v. Tunnell*, 14 F.3d 449, 453–54 (9th Cir. 1994)); Fed. R. Evid. 201(b); Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."). As these requirements are met, the Court will consider these documents in accessing the Complaint.

According to Mr. Hassay, in 1994 he enlisted with the Navy Reserve Program for an eight year obligation. Compl. at 3. At that time, the U.S. Military Entrance Processing Command ("MEPCOM") determined Mr. Hassay, who was eighteen years old, was healthy according to the Physical Serial System ("PULHES"). *Id.* From 1994 through 1999, Mr. Hassay was assigned to the FFG Guided Missile Frigate. *Id.* Mr. Hassay claims he experienced mental and physical illness while in this role. *Id.* A letter dated September 4, 2013 from the San Francisco Vet Center, which was attached to the Complaint, states that Mr. Hassay was "depressed, isolated, and fearful of being trapped on a ship with people who would attack him physically and verbally." Compl. Exs. at 13–14.

In 1998, Mr. Hassay applied to transfer to the Army. Compl. at 4. At the last stage of the Military Entrance Processing Station ("MEPS"), Mr. Hassay was disqualified by an Army psychologist for "psych" reasons. Compl. Ex. at 13. Mr. Hassay returned to fulfill his obligation with the Navy until he was honorably discharged in May of 2002. *Id.* According to the letter from the San Francisco Vet Center, Mr. Hassay was not able to maintain employment following discharge. *Id.* at 15. Mr. Hassay filed for disability benefits on February 26, 2011 and was determined to be disabled under the Social Security Administration rules starting on July 8, 2005. *Id.* at 10–12. Mr. Hassay receives about $856.00 monthly in Social Security benefits. *Id.* Mr. Hassay has been diagnosed with PTSD and other anxiety and depression related issues. *Id.*

On July 19, 2016, the Office of the Inspector General responded to Mr. Hassay's "request for assistance regarding his permanent medical disqualification (3P) for Spine, other Musculoskeletal/Psych during [his] transfer physical conducted at San Diego Military Entrance

Processing Station (MEPS) in 1998." Compl. at 4 & Compl. Ex. at 21. At this inspection Mr. Hassay believes he was "[d]owngraded . . . from '1' best to . . . 3P," the code for permanent medical disqualification, for Spine, other Musculoskeltal and Psychiatric injury. Compl. at 4. The Inspector General informed Mr. Hassay that the "Navy should have completed a DD Form 368 (Request for Conditional Release) in order to transfer [him] to the Army. Compl. Ex. at 21. Additionally, the Army should have completed section IV of the DD Form 368 notifying the Navy of [his] medical disqualification as outlined in DoDI 1205.05 (Transfer of Service Members Between Reserve and Regular Components of the Military Services)." *Id*. The Inspector General further informed Mr. Hassay that his office could not "determine if the Army completed the form and provided it to the Navy." *Id*.

On August 1, 2016, Mr. Hassay received another letter from the Inspector General's office confirming that Mr. Hassay was medically disqualified when he attempted to transfer from the Navy to the Army in 1998. Complaint Ex. at 22. The letter further stated that the office "conducted a thorough review and determined that the US Army Recruiting Command ("USAREC") does not have copies of any records of processing from 1998." *Id*. The letter stated further that "[p]aper copies are destroyed after 7 years and any electronic records from 18 years ago will not be available at USAREC. There is no way for USAREC to validate any portion of [Mr. Hassay's] processing in 1998." *Id*.

Mr. Hassay filed a claim with the Army Tort Claims Division on or about February 2, 2017. *Id*. at 24. According to a final administrative action notice from the Army, Mr. Hassay claimed the "U.S. Army failed to properly complete Section IV of DD Form 368 (Request for Conditional Release) and return the form to the Navy in 1998 after [his] transfer from the Navy to the Army was disallowed," that he was "not afforded timely medical care due to this failure, and the lack of timely medical care caused [him] to suffer chronic and disabling health problems, including the disabling conditions for which [he was] granted Social Security disability income in 2011." *Id*. The Army Tort Claims Division denied Mr. Hassay's claim on the basis that the claim did not meet the applicable statute of limitations, requiring claims be filed within two years of accrual. *Id*. Additionally, the Army noted that Mr. Hassay's claim may be "unpayable because

3

of the 'incident to service' rule created in *Feres v. United States*, 340 U.S. 135, 136 (1950)," but did not make a definitive determination that the *Feres* rule applied to Mr. Hassay's claim. *Id.*

Mr. Hassay asserts federal question jurisdiction citing "USC 10 USC 42 USC 50 Pub Law 104-191 'Disability Evaluation System' ADA American Disability Act 1990." *Id*. at 2. Pub. L. Law 104-191 is the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). He asserts one claim, citing the same provisions. *Id.* In the body of that claim he also invokes the Americans with Disabilities Act, 42 U.C. § 12101 and Pub.L. 102–484, which is the National Defense Authorization Act of 1993. He seeks $10,000,000 in damages to make him whole "after missing out on 3P Disability Evaluation System Benefits Entitlements Support Care as early as 1998." Compl. at 7.

## III.   ANALYSIS

### A.   Legal Standard Under 28 U.S.C. § 1915

If a plaintiff is found to be indigent under 28 U.S.C. § 1915(a)(1) and is permitted to proceed in forma pauperis, the court must undergo a preliminary screening of the complaint and dismiss any claims which: (1) are frivolous and malicious; (2) fail to state a claim upon which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *See Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996). To state a claim for relief, plaintiff must make a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When reviewing the sufficiency of the complaint, the Court takes "all allegations of material fact as true and construe(s) them in the light most favorable to the non-moving party." *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1990). The "tenet that a court must accept a complaint's allegations as true," however, "is inapplicable to . . . mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007)). The complaint need not contain "detailed factual allegations," but must allege facts sufficient to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 547).

Complaints filed by pro se litigants must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Further, "a pro se litigant must be given leave to amend his or her complaint

unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)) (internal quotation marks omitted). Further, when it dismisses the complaint of a pro se litigant with leave to amend, "the district court must give the plaintiff a statement of the complaint's deficiencies." *Id.* (citing *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987)). "Without the benefit of a statement of deficiencies, the pro se litigant will likely repeat previous errors." *Id.* at 624 (quoting *Noll*, 809 F.2d at 1448).

### B. Subject Matter Jurisdiction

The United States, as sovereign, can be sued only to the extent that it has consented to be sued. *United States v. Sherwood,* 312 U.S. 584, 586 (1941); *Gilbert v. DaGrossa,* 756 F.2d 1455, 1458 (9th Cir. 1985). Therefore, no court has jurisdiction to award relief against the United States or a federal agency unless the requested relief is expressly and unequivocally authorized by federal statute. *Sherwood,* 312 U.S. at 586–87. The plaintiff bears the burden of establishing subject matter jurisdiction over his asserted claims for relief. *Ashoff v. City of Ukiah*, 130 F.3d 409, 410 (9th Cir. 1997). Mr. Hassay has not met that burden in his Complaint as currently pled.

First, in his Complaint, Mr. Hassay has invoked several statutes that do not give rise to a cause of action against the United States and thus do not waive the sovereign immunity of the United States. *See Agee v. United States*, 72 Fed. Cl. 284, 289–90 (2006) (dismissing the plaintiff's claims concerning violations of HIPAA "because the statute does not provide for a private right of action against the Federal Government"); *Levell v. Monsanto Research Corp*., 191 F.R.D. 543, 555 (S.D. Ohio 2000) (noting that the 1993 Defense Authorization Act, 42 U.S.C. § 7274h "includes no express or implied private right of action to enforce its provisions."); *Gray v. United States*, 69 Fed. Cl. 95, 101 (2005) (holding that "no method exists by which a party may file suit against the federal government in a private cause of action for a violation of the terms of the ADA.").

Second, to the extent Mr. Hassay seeks to assert a claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b)(1), his claim is barred under the *Feres* doctrine. The FTCA gives the district courts "exclusive jurisdiction of civil actions on claims against the United States . . .

for personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). The FTCA "provides that the United States shall be liable 'in the same manner and to the same extent as a private individual under like circumstances' under applicable state law." *Dugard v. United States*, 835 F.3d 915, 918–19 (9th Cir. 2016) (quoting 28 U.S.C. § 2674); *see also* 28 U.S.C. § 1346(b)(1).

As a general matter, a claim may be brought against the United States under the FTCA so long as the plaintiff has met the administrative exhaustion requirements of the statute, *see* 28 U.S.C. § 2675(a),[1] and the claim is timely, *see* 28 U.S.C. § 2401(b).[2] In *Feres v. United States*, however, the Supreme Court carved out a judicial exception to the FTCA, holding that "the Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." 340 U.S. 135, 146 (1950).

---

[1] Section 2675(a) provides, in relevant part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. . . .

28 U.S.C.A. § 2675(a).

[2] Section 2401(b) provides:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b). In *United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1633 (2015), the Supreme Court held that these limitations periods are not jurisdictional, explaining that "[t]he time limits in the FTCA are just time limits, nothing more. Even though they govern litigation against the Government, a court can toll them on equitable grounds."

United States District Court
Northern District of California

What is now referred to as the *Feres* doctrine essentially made the FTCA unavailable to members of the armed forces who "while on active duty and not on furlough, sustained injury due to negligence of others in the armed forces." *Id.* at 138.

"[T]he *Feres* doctrine has been criticized by 'countless courts and commentators' across the jurisprudential spectrum." *Ritchie v. United States*, 733 F.3d 871, 874 (9th Cir. 2013) (quoting *Persons v. United States,* 925 F.2d 292, 295 (9th Cir.1991); *United States v. Johnson,* 481 U.S. 681, 700 (1987) (Scalia, J., dissenting) ("*Feres* was wrongly decided and heartily deserves the widespread, almost universal criticism it has received.") (citation omitted); *Costo v. United States,* 248 F.3d 863, 875 (9th Cir. 2001) ("The articulated 'rational bases' for the *Feres* doctrine lead in this case, as in many cases, to inconsistent results that have no relation to the original purpose of *Feres.*")).  Nonetheless, *Feres* remains the law and is binding upon this Court.  It is rooted in three policy rationales:

> (1) the distinctively federal nature of the relationship between the government and members of its armed forces, which argues against subjecting the government to liability based on the fortuity of the situs of the injury; (2) the availability of alternative compensation systems; and (3) the fear of damaging the military disciplinary structure.

*Stencel Aero Eng'g Corp. v. United States*, 431 U.S. 666, 671–72 (1977); *Person,* 925 F.2d at 294–95.

The "incident to service" standard under *Feres* includes incidents that occur during current military service or "within [an] existing military service obligation." *Jackson v. Tate*, 648 F.3d 729, 735 (9th Cir. 2011) (distinguishing between an order to recall a serviceperson—which falls under *Feres* since it implicates "military decisions, affairs, and discipline"—and an alleged forged signature to reenlist a serviceperson, which does not fall under *Feres* because a reenlistment decision is voluntary and outside an existing military obligation).  Such immunity extends to "practically any suit that 'implicates . . . military judgments and decisions.'" *Persons v. U.S.*, 925 F.2d 292, 296 (9th Cir. 1991) (quoting *United States v. Johnson*, 481 U.S. 681, 691 (1987)), including tort claims based on administrative errors of the sort that Mr. Hassay alleges occurred here.  *See Futrell v. United States*, 859 F.3d 403, 404 (7th Cir. 2017) (dismissing negligence claims asserted against the United States under FTCA based on paperwork mix-up that resulted in

7

serviceman failing to receive his salary for more than a year on the basis that *Feres* doctrine applied). Further, courts have found that "the *Feres* doctrine applies to reservists and not just to active military." *Id.* (citing *Duffy v. United States*, 966 F.2d 307, 312 (7th Cir. 1992)).[3]

Because Plaintiff's complaint challenges conduct that occurred while he was a member of the armed forces and is "inherently military" in nature, he has failed to establish that there has been a waiver of sovereign immunity as to his claim. Therefore, the Court dismisses his complaint with leave to amend.

## IV.     CONCLUSION

For the foregoing reasons, Mr. Hassay's complaint is dismissed with leave to amend. Mr. Hassay may file an amended complaint no later than October 6, 2017 to allege claims supported by specific conduct that is not "inherently military" in nature, such as conduct that occurred after he was discharged from the military. Mr. Hassay may wish to seek free limited legal assistance from the Federal Pro Bono Project by calling the appointment line (415) 782-8982 or signing up for an appointment in the appointment book located outside the door of the Project, located at the

[3] The Court notes that the United States has waived sovereign immunity as to certain claims, including some challenges to the military's administration of the Disability Evaluation System, under the Tucker Act. 28 U.S.C. § 1491(a). The Tucker Act provides that the United States Court of Federal Claims may hear "any claim against the United States founded . . . upon . . . any Act of Congress or any regulation of an executive department. . . ." *Id.* The Tucker Act waives sovereign immunity and grants jurisdiction to the Court of Federal Claims but does not create a substantive cause of action. *Joslyn v. United States*, 110 Fed. Cl. 372, 386 (2013) (citations omitted). "A plaintiff must, therefore, satisfy the court that a separate source of substantive law creates the right to money damages." *Id.* (internal quotations and citations omitted). One such "money-mandating statute" is 10 U.S.C. § 1203, which governs separation of service members from the military based on disability. *See Verbeck v. United States*, 89 Fed. Cl. 47, 61 (2009) (holding that Federal Court of Claims had jurisdiction under Tucker Act to adjudicate claim under 10 U.S.C. § 1203 based on Plaintiff's allegation that she should have been separated based on her disability rather than discharged from the armed forces). The limitations period for bringing a claim under the Tucker Act is six years, however; moreover, that limitations period is jurisdictional and therefore is not subject to equitable tolling. *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130 (2008). Further, while the accrual of a claim under the Tucker Act may be suspended for purposes of 28 U.S.C. § 2501 "until the claimant knew or should have known that the claim existed," that "accrual suspension rule" is "strictly and narrowly applied: . . . [The plaintiff] must either show that defendant has concealed its acts with the result that plaintiff was unaware of their existence or it must show that its injury was 'inherently unknowable' at the accrual date." *Martinez v. United States*, 333 F.3d 1295, 1319 (Fed. Cir. 2003) (quoting *Welcker v. United States*, 752 F.2d 1577, 1580 (Fed. Cir. 1985)).

San Francisco courthouse on the 15th Floor, Room 2796. Appointments are held Monday, Tuesday, Thursday and Friday. Mr. Hassay can speak with an attorney who will provide basic legal help, but not legal representation.

**IT IS SO ORDERED.**

Dated: August 24, 2017

_____
JOSEPH C. SPERO
Chief Magistrate Judge