UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON MICHAEL HASSAY,<br>Plaintiff,<br>v.<br>DEPARTMENT OF THE ARMY,<br>Defendant. | Case No. 17-cv-03556-JCS<br><br>**ORDER DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND** |

Mr. Hassay, who is proceeding *in forma pauperis*, asserts negligence claims against the Army under the Federal Tort Claims Act (FTCA) based on alleged errors in processing paperwork related to a determination that he was medically unqualified for service. According to Mr. Hassay, as a result of the error he lost certain disability benefits to which he would have been entitled. The Court reviewed Mr. Hassay's complaint under 28 U.S.C. § 1915 and concluded that Mr. Hassay's claims were barred under the *Feres* doctrine because the alleged wrongful conduct was "incident to service." *See* Docket No. 9 at 7-8. The Court noted in a footnote, however, that under the Tucker Act, 28 U.S.C. § 1491(a), the United States has waived sovereign immunity in the Federal Court of Claims as to challenges to the military's administration of the Disability Evaluation System under 10 U.S.C. § 1203. *Id.* at 8 n. 3. The Court explained that such claims are subject to a six year limitation period but that that period does not begin to run until the plaintiff becomes aware of the claim – a requirement that may be satisfied where the injury was "inherently unknowable." *Id.* The Court did not reach the question of whether Mr. Hassay's allegations are sufficient to state a claim under 10 U.S.C. § 1203 or whether such claims would be timely if filed in the Federal Court of Claims.

The Court gave Mr. Hassay leave to amend his complaint and he filed an amended

complaint on September 11, 2017. In his amended complaint, Mr. Hassay asserts that his injury was inherently unknowable because he was not educated about and had never heard of PTSD at the time of his injury. He further alleges that the Army's negligent conduct was concealed from him and that he only learned about it when he filed a FOIA request in 2016. These allegations go to the question of when any claim he may have under the Tucker Act and 10 U.S.C. § 1203 accrued and whether those claims are timely. Those are questions that can only be addressed in the United States Court of Federal Claims, however, and not by this Court. If Mr. Hassay wishes to file a complaint in that court, he will find information explaining how to file a complaint on that court's website, www.uscfc.uscourts.gov, which includes a link to a manual for pro se plaintiffs (under the "Filing a Complaint" link) entitled A Guide for Self-Representation.

Because Mr. Hassay has not cured the shortcomings in his complaint identified by the Court in its prior order, this action is dismissed without prejudice. The Clerk is instructed to close the file in this case and enter judgment in favor of Defendant on the basis that this Court lacks jurisdiction over Mr. Hassay's claims.

**IT IS SO ORDERED.**

Dated: October 10, 2017

JOSEPH C. SPERO
Chief Magistrate Judge